See also 546 F.3d 123.

**UNITED STATES of America,**
**Appellee,**

v.

**Joseph MASSINO, also known as Joey Messina, John Joseph Spirito, also known as Johnny Joe, Emanuel Guaragna, Anthony Frascone, also known as Anthony Nicole, also known as Anthony The Hat, Anthony Siano, Russel Trucco, also known as The Truck, Anthony Donato, Vincent Basciano, Defendants,**

**Patrick Defilippo, also known as Patty from the Bronx, Defendant–Appellant.**

No. 07–1618–cr.

United States Court of Appeals, Second Circuit.

Oct. 10, 2008.

Richard Ware Levitt, New York, New York, for Defendant–Appellant.

Winston Y. Chan, Assistant United States Attorney (Greg D. Andres, Peter A. Norling, Amy Busa, Assistant United States Attorneys, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. COLLEEN McMAHON, District Judge.*

SUMMARY ORDER

Patrick DeFilippo appeals from his conviction of one count of racketeering conspiracy, two counts of conducting an illegal gambling business, one count of illegal gambling conspiracy, and one count of conspiracy to collect on an extension of credit through extortionate means. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

In this appeal, DeFilippo challenges his conviction and sentence on multiple grounds: (1) the erroneous admission of several statements by cooperating and expert witnesses; (2) the unwarranted striking of testimony of a cooperating witness; (3) imposition of restrictions on cross-examination of that witness; (4) insufficiency of the evidence for the Nunez murder; (5) incorrect inclusion of the Sciascia murder as relevant conduct under the Guidelines; and (6) improper use of the post–2004 Guidelines to determine the base offense level for the Nunez murder. We address two of DeFilippo's evidentiary challenges (those involving the testimony of James Tartaglione) and his sentencing challenges in a separate opinion.

We first consider DeFilippo's objections to the district court's admission of certain statements made by cooperating

* The Honorable Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

and expert witnesses. More specifically, DeFilippo argues that the district court erred when it permitted the Government to question Carillo about instances in which convictions had been obtained with the aid of cooperating witnesses, as well as when it permitted the Government to elicit from cooperating witnesses that they were scheduled to be sentenced by the same judge hearing the trial. We review these rulings "only for abuse of discretion," *United States v. Wexler*, 522 F.3d 194, 202 (2d Cir.2008).

■ First, DeFilippo challenges Carillo's testimony about convictions in other cases that had been obtained with the assistance of cooperating witnesses. We agree with the district court that the testimony was proper because DeFilippo had "opened the door by asking specific questions of an expert witness about specific crimes." (Trial Tr. at 2446.) Whatever concerns we may have about putting into issue the reliability of cooperating witnesses *as a class*, DeFilippo himself raised that issue, and he cannot cry foul when that strategy predictably backfires.

■ Second, DeFilippo challenges cooperating witnesses' testimony that they would eventually be sentenced by the same judge hearing DeFilippo's trial. We find no abuse of discretion in the admission of the challenged testimony. In *United States v. Miller*, 116 F.3d 641 (2d Cir. 1997), this Court found no error, "much less plain error," in the prosecutor's statement during summation "that the [cooperating] witnesses would be sentenced by the judge, who might be lenient if the judge believed their testimony." *Id.* at 683. *Miller* also observed that "it is not impermissible for the government to state 'that some time in the future the Judge will have to consider the witness's credibility' because 'sentencing [of the witness] would depend on [the trial judge's] view of his

credibility.'" *Id.* (alterations in original) (quoting *United States v. Melendez*, 57 F.3d 238, 241 (2d Cir.1995)). The cooperating witnesses' testimony presented the same fact in a different form, and allowing it was not error.

■ ■ DeFilippo's second argument is that the district court erred when it struck Vitale's testimony about whether he was aware of the Tommy Pitera case when he confessed to his involvement in the Sciascia murder. Although the district court may have abused its discretion when it struck the Vitale testimony—because whatever misunderstanding arose could have been corrected without striking the testimony—any possible error was harmless, *see United States v. Yousef*, 327 F.3d 56, 156 (2d Cir.2003) ("[E]ven if the district court errs in admitting or excluding evidence, harmless error analysis applies in determining whether reversal is required."). DeFilippo was not convicted of the Sciascia murder, the charge for which Vitale's testimony was most relevant. We are confident that any marginal increase in the perception of Vitale's credibility that may have resulted from the error was harmless in its impact on the charges to which his testimony was relevant.

■ ■ DeFilippo next takes exception to the district court's imposition of limitations on DeFilippo's attorney's questioning of Vitale (i.e., the requirement that the witness await the district court's approval before answering each question). DeFilippo's challenge is without merit. The district court has "broad discretion in passing upon appropriate trial procedures." *United States v. Lombardozzi*, 335 F.2d 414, 417 (2d Cir.1964), and it may properly exercise that authority when faced with the "flagrant disregard in the courtroom of elementary standards of proper conduct," *Illinois v. Allen*, 397 U.S.

337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The trial transcript reflects multiple occasions on which defense counsel continued speaking despite an objection or otherwise interrupted the court, a witness, or the Government. The district court and the Government objected to these interruptions several times before the district court imposed the restriction at issue. When the district court responded to this conduct by imposing restrictions on cross-examination, it was simply "exercis[ing] reasonable control over the mode and order of interrogating witnesses and presenting evidence," Fed.R.Evid. 611(a). It did not abuse its ample discretion when doing so.

■ ■ DeFilippo's fourth argument is that the evidence was insufficient to show that the Nunez murder was connected to the Bonanno Crime Family and that even if a connection was shown, the evidence did not show that DeFilippo knew of that connection. In our review of the sufficiency of the evidence, "we are to view the evidence, whether direct or circumstantial, in the light most favorable to the government, and defer to the jury by resolving all inferences from the evidence and issues of credibility in favor of the verdict." *United States v. Hardwick*, 523 F.3d 94 (2d Cir.2008) (citations, brackets, and internal quotation marks omitted). After reviewing the evidence, we conclude that it was sufficient to show that the Nunez murder was connected to the Bonanno Crime Family and that DeFilippo knew of that connection. Evidence demonstrated that Basciano, DeFilippo, and Donato ran a joint gambling operation in the Bronx, that Nunez had a gambling operation in the Bronx, that disputes between competing businesses were sometimes settled violently, that Basciano had used violence to settle such disputes in the past, and that DeFilippo, Basciano, and

Donato had conspired to kill Nunez. Even if this evidence were insufficient, the additional fact that Nunez dropped the charges because of a "sit down" between the families reasonably suggests that the shooting was in furtherance of Bonanno Crime Family objectives.

As for DeFilippo's claim that he had no knowledge of that connection, the jury could reasonably have inferred such knowledge from Basciano and DeFilippo's joint oversight of the gambling business that motivated the shooting and conspiracy to kill Nunez. Furthermore, Basciano's later complaint about DeFilippo's role in "setting it up" provides further support for the inference that DeFilippo knew that the shooting was related to the objectives of the Bonanno Crime Family and shared in that purpose. The evidence was sufficient to support DeFilippo's conviction for the Nunez murder.

We have considered all of DeFilippo's other arguments and find them to be without merit. For the reasons stated herein and in an accompanying opinion, we **AFFIRM** the judgment of the district court.